1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

DANIEL R. QUINTERO,
CDCR # BN-3161

Case No.:  24cv1141-AJB (KSC)

12
13

Plaintiff,

**ORDER DENYING MOTION TO
PROCEED IN FORMA PAUPERIS
AND DISMISSING CIVIL ACTION**

14

vs.

15
16

H. HILL, Warden, et al.,

Defendants.

17

18      Plaintiff Daniel R. Quintero, a state prisoner proceeding pro se, has filed a civil rights
19  Complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed in forma pauperis
20  ("IFP").  (ECF Nos. 1-2.)

21  **I.      Motion to Proceed IFP**

22      All parties instituting any civil action, suit or proceeding in a district court of the
23  United States, except an application for writ of habeas corpus, must pay a filing fee of
24  $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,
25  although the administrative fee does not apply to persons granted leave to proceed IFP.
26  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee
27  Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to
28  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

1

§ 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Plaintiff's IFP application contains a trust fund account statement but it is not certified and is not signed by a corrections officer. (*See* ECF No. 2 at 3.) Rather, Plaintiff indicates that a certificate is on file in three active indigent cases he is currently proceeding with in the Eastern District of California initiated in 2023. (*Id.*; ECF No. 4 at 4.) The Court cannot grant his IFP application without a trust fund account statement containing financial information for the 6-month period immediately preceding the filing of his Complaint. *See Andrews*, 398 F.3d at 1119 ("prisoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records."), citing 28 U.S.C. § 1915(a)(1)&(2).

Plaintiff's motion to proceed IFP is **DENIED** and this action is **DISMISSED** without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

## II.   Conclusion and Order

Accordingly, the Court:

(1)   **DENIES** Plaintiff's motion to proceed IFP without prejudice.

///

2

24cv1141-AJB (KSC)

(2)   **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

(3)   **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $405 civil filing and administrative fee in full; or (b) complete and file a properly supported motion to proceed IFP which includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).  If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP within 45 days, this action will remain dismissed without prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**

Dated:  October 2, 2024

Hon. Anthony J. Battaglia
United States District Judge

24cv1141-AJB (KSC)