UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. QUINTERO, CDCR #BN-3161,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>J. HILL, Warden, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  24cv1141-AJB (KSC)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2)  DENYING REQUEST TO REMOVE CASE, AND**<br><br>**(3) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

　　　　On June 28, 2024, Plaintiff Daniel R. Quintero, a state inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff also filed a motion to proceed in forma pauperis ("IFP") and a request to remove this case to the Eastern District of California to consolidate it with several cases he has pending in that District.  (ECF Nos. 2, 4.)  On October 2, 2024, the Court denied the IFP motion because it was not supported with the required prison trust account certificate and dismissed this action without prejudice.  (ECF No. 5.)  Plaintiff has now filed a renewed IFP motion. (ECF No. 6.)

1

I.   **Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate. (ECF No. 6 at 4.) The document shows he had an average monthly balance of $8.75 and average monthly deposits of $4.16, with an available balance of $0.00. *Id*. Plaintiff's Motion to Proceed IFP is **GRANTED** and the Court assesses no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.")

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Allegations in the Complaint

Plaintiff alleges that on April 13-14, 2024, while housed at the Richard J. Donovan Correctional Facility ("RJD"), he refused to be transferred from the segregation unit to a

level two dormitory because he wanted to complete his Ramadan obligations. (ECF No. 1 at 2-3.) Plaintiff clearly informed Defendant correctional officer Lieutenant Poladian of the reason he was refusing the transfer. (*Id.* at 3.) Poladian made several comments to the effect that he had Muslim family members and was familiar with the requirements of observing Ramadan, that Plaintiff "was not Muslim" but was "a bitch," that Poladian intended to laugh when giving the order to forcibly remove Plaintiff from his cell, and would make sure he did not receive water in order to ruin his Ramadan observation. (*Id.*) Plaintiff was fasting and could not observe Ramadan without water, which he needed to drink, to clean himself, and for ablution, but Poladian ordered Defendants transportation officers Gose and Salagubang to not provide him water. (*Id.*) After ten hours Plaintiff requested water but was denied and went more than 20 hours without water. (*Id.*) He was transferred from RJD to Mule Creek State Prison "with no lay overs or any bathroom stops. 'This was done maliciously and sadistically for the purpose of causing harm.'" (*Id.*) He alleges Defendant Warden Hill failed to create a policy of ensuring inmates transferred to and from RJD receive water. (*Id.* at 2.)

Plaintiff claims the Defendants interfered with his right to the free exercise of his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at 3-4.)

### C.    Discussion

#### a) Eighth Amendment Cruel and Unusual Punishment Claim

Plaintiff alleges his transportation from RJD to Mule Creek State Prison "with no lay overs or any bathroom stops," and the refusal to provide water for over 20 hours, violated the Eighth Amendment. (ECF No. 1 at 3.) "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate

indifference' to" his constitutional rights. *Id.,* quoting *Wilson*, 501 U.S. at 302-03. An objectively serious deprivation is a denial of "the minimal civilized measures of life's necessities." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996), quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

The allegations in the Complaint are insufficient to plausibly allege that any Defendant deprived Plaintiff of "the minimal civilized measures of life's necessities" by not permitting water or bathroom breaks during his transportation, as there are no allegations regarding how long the transportation lasted. Although Plaintiff alleges he went over 20 hours without water, temporary deprivations do not state an Eighth Amendment claim. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quote marks and citation omitted); *see Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (holding that short term or temporary deprivations of basic needs such as food, clothing, shelter and sanitation do not plausibly allege an Eighth Amendment violation); *Wilson*, 501 U.S. at 298 ("[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal citation and quote marks omitted).

The allegation that Warden Hill failed to create a policy of ensuring inmates transferred to and from RJD receive water also fails to state an Eighth Amendment claim. "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted). There are no allegations that Warden Hill knew Plaintiff was deprived of water *and* failed to prevent that deprivation.

///

Plaintiff's Eighth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### b) First Amendment Freedom of Religion Claim

Plaintiff claims the Defendants denied him his right to the free exercise of religion under the First Amendment when they deprived him of water he needed to drink, to clean himself and for ablution, as necessary to observe Ramadan. (ECF No. 1 at 3-4.) To bring a First Amendment claim for interference with religious activities, Plaintiff must plausibly allege that an official took an action which: (a) "substantially burdens the person's practice of her religion" and (b) was not "reasonably related to legitimate penological interests." *Jones v. Williams*, 791 F.3d 1023, 1031-33 (9th Cir. 2015), quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 432, 248 (1987). "[G]overnment action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego her sincerely held religious beliefs or to engage in conduct that violates those beliefs." *Id.* at 1033. Intrusions on the practice of religion which are "relatively short-term and sporadic" do not constitute substantial burdens under the First Amendment. *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998).

Plaintiff alleges he was unable to continue his observation of Ramadan for twenty hours when he was deprived of water he needed to drink, to clean himself and for ablution arising from his refusal to be transferred from segregation to a dormitory. Although he alleges Defendant Poladian knew Plaintiff needed water to properly observe Ramadan, and deliberately deprived him of water in an attempt to interfere with his observation of Ramadan, there are no factual allegations that the "short-term and sporadic" denial of water actually constituted a substantial burden on Plaintiff's sincerely held religious beliefs, as there are no factual allegations that Plaintiff was, for example, unable to complete his observation of Ramadan after the 20 hour deprivation of water or that the delay otherwise prevented him from observing Ramadan. *See Brown v. Washington*, 752 Fed. Appx. 402, 405 (9th Cir. 2018) (noting that a "one time set of circumstances" or an "isolated incident"

is insufficient to constitute a "substantial burden of plaintiff's religious beliefs" under the First Amendment); *see e.g. Howard v. Skolnik*, 372 F. App'x 781, 782 (9th Cir. 2010) (finding two incidents where prison staff interfered with prisoner's fasting did not amount to a substantial burden).

Plaintiff's First Amendment claim based on interference with the free exercise of his religion is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### e) RLUIPA Claim

Plaintiff claims Defendants violated his statutory rights under RLUIPA to practice his religion based on the same allegations supporting his First Amendment claim. (ECF No. 1 at 3.) RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government demonstrates the burden is "in furtherance of a compelling government interest" and "is the least restrictive means of furthering that compelling governmental interest." *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015), quoting 42 U.S.C. § 2000cc–1(a). "To state a claim under RLUIPA, a prisoner must show that: (1) he takes part in a 'religious exercise,' and (2) the State's actions have substantially burdened that exercise." *Id.*, quoting *Shakur v. Schriro*, 514 F.3d 878, 888-89 (9th Cir. 2008). "If the prisoner satisfies those elements, then the State must prove its actions were the least restrictive means of furthering a compelling governmental interest." *Id.*, citing *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005).

To constitute a substantial burden, the alleged limitation on religious practice must impose "a 'significantly great' restriction or onus upon such exercise." *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004); *Walker*, 789 F.3d at 1135. A substantial burden need not actually force a litigant to change his practices; a violation may occur "where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify

his behavior and to violate his beliefs." *Warsoldier*, 418 F.3d at 995, quoting *Thomas v. Review Bd. of the Ind. Emp't Sec. Div.*, 450 U.S. 707, 717-18 (1981). Plaintiff must allege in a nonconclusory manner how his religious observation was denied by the Defendants' actions. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim).

As noted above, Plaintiff claims he needed water to observe Ramadan but alleges only in a conclusory manner how the 20 hours he went without water *substantially* burdened his observation of Ramadan. *See e.g. Skolnik*, 372 F. App'x at 782 (finding two incidents where prison staff interfered with prisoner's fasting did not amount to a substantial burden); *Canell*, 143 F.3d at 1215 ("relatively short-term and sporadic" interference with religious exercise was not a substantial burden). Plaintiff's allegations regarding the *interference* with his Ramadan observation, without more, and in particular without factual allegations regarding how that interference impacted his ability to *complete* his religious observation of Ramadan for example, or the significance to the exercise of his religious faith Defendants' actions caused, fail to state a RLUIPA claim because he has not alleged the imposition of "a significantly great restriction or onus" on the exercise of his faith, nor plausibly alleged any Defendant put "substantial pressure on [him] to modify his behavior and to violate his beliefs." *Warsoldier*, 418 F.3d at 995.

Plaintiff's interference with religion claim under RLUIPA is dismissed for failure to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### D. Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

///

### III.     Request for Removal

Plaintiff requests this case be removed to the Eastern District of California in order to consolidate it with *Quintero v. Lemon*, Eastern Dist.Ca. Civil Case No. 23cv1196-BAM, *Quintero v. Lemon, et al.*, Eastern Dist.Ca. Civil Case No. 23cv1233-KES (SAB), and *Quintero v. Mike*, Eastern Dist.Ca. Civil Case No. 23cv1737-EPG.  (ECF No. 4.)  He identifies those cases as claiming (1) a warden ordered him to be locked down for 14 days in retaliation during which he was unable to practice his religion, (2) video evidence was destroyed which would have supported a claim for excessive force, and (3) retaliatory physical abuse and destruction of personal property.  (*Id*. at 2.)  He argues it would be more convenient for him to have all his cases in the Eastern District where he is currently confined, and it would not be a burden for the defendants who all are, or will be, represented by the California Attorney General.  (*Id*. at 4-5.)

"A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ."  28 U.S.C. § 1391(b); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see also* Fed.R.Civ.P. 20(a)(2)(A-B) (providing that defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action.")

Plaintiff has failed to show that any of the events or omissions giving rise to his claims in his Eastern District cases are alleged to have occurred in either San Diego or Imperial County, nor that any Defendant in those cases is alleged to reside here, or that any

events are common to all of Plaintiff's cases. *See* 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego.") Plaintiff has failed to show any basis for transferring this case to the Eastern District or that the interests of justice counsel in favor of a transfer. Therefore, Plaintiff's request to remove or transfer this case to the Eastern District is **DENIED**.

## IV.  Conclusion and Orders

Accordingly, good cause appearing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 6).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DENIES** Plaintiff's request for removal (ECF No. 4).

5) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

/ / /

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  October 28, 2024

Hon. Anthony J. Battaglia
United States District Judge