UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. QUINTERO, CDCR #BN-3161,<br><br>                              Plaintiff,<br><br>vs.<br><br>J. HILL, Warden, et al.,<br><br>                              Defendants. | Case No.:  24-cv-1141-AJB (KSC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

On June 28, 2024, Plaintiff Daniel R. Quintero, a state inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 claiming that the denial of water for 20 hours during transportation to another prison amounted to cruel and unusual punishment in violation of the Eighth Amendment and interfered with his religious observance of Ramadan in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (ECF No. 1.) Plaintiff also filed a motion to proceed in forma pauperis ("IFP") and a request to remove this case to the Eastern District of California. (ECF Nos. 2, 4.) On October 2, 2024, the Court denied the IFP motion because it was not properly supported with the required prison trust account certificate and dismissed this action without prejudice. (ECF No. 5.)

Plaintiff renewed his IFP motion, and on October 29, 2024, the Court granted leave to proceed IFP, denied the removal motion, and dismissed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. (ECF No. 7.) Plaintiff was informed of the pleading deficiencies of his claims and instructed that any amended complaint must be complete by itself without reference to his original pleading and that any claims not re-alleged will be considered waived. (*Id*. at 10.) Plaintiff has now filed a First Amended Complaint ("FAC") adding Defendant Jeffrey Macomber, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and omitting his First Amendment freedom of religion claim. (ECF No. 8.)

For the reasons set forth below, the FAC is not complete by itself because it relies on allegations from the original Complaint, and the allegations in the FAC fail to state a claim upon which relief may be granted. The Court will once again inform Plaintiff of the pleading deficiencies of his claims and grant one final opportunity to amend.

**I.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A.    Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.  Allegations in the FAC**

Plaintiff alleges that at an unstated date, time and place, he informed Defendant correctional officer Lieutenant Poladian that he had been fasting for 20 days and was suffering malnutrition and dehydration and "needed water at sundown to relieve the severe pain of dehydration."[1] (ECF No. 8 at 3.) Poladian agreed to provide water. (*Id.*) However, once Plaintiff "agreed to move," Poladian "gave orders to deny [Plaintiff] any liquid." (*Id.*) "The transportation officers maliciously kept [Plaintiff] in an official vehicle fully restrain[ed] for over 20 hours without water." (*Id.*)

Plaintiff alleges he made Poladian and the "transportation staff" aware he had been fasting for 20 days and aware that during the last 10 days of the fast it was a central tenant of Islam to keep the fast until sundown to observe Ramadan. (*Id.* at 4.) After he "refused transport for several hours" and "physical force was imminent," Poladian assured him he

---

[1] Plaintiff states in the FAC that the constitutional violations are "ongoing" at "various CDCR facilities." (ECF No. 8 at 1.) In violation of this Court's instruction that his FAC be complete by itself he appears to rely on the allegations in the original Complaint that he was incarcerated in the administrative segregation unit at Richard J. Donovan Correctional Facility in San Diego, California on April 13, 2023, at the time of the alleged events and had refused an order to be transferred. (*See* ECF No. 1 at 1-3).

would be provided with water to complete his fast. (*Id*.) During transportation he was told that Poladian had given orders not to provide Plaintiff with water, thereby rendering the prior 20 days of fasting unacceptable to complete the Ramadan observance because "he was not allowed to complete three prayers essential to complete Ramadan." (*Id*.)

In count one Plaintiff claims he was subjected to cruel and unusual punishment in violation of the Eighth Amendment by Defendants CDCR, Secretary of the CDCR Jeffrey Macomber, and Warden Hill for failing to put in place a policy of ensuring inmates are provided water during transportation, by Defendants transportation officers Gose and Salagubang for following Defendant Poladian's orders to deny him water, and by Poladian for ordering the denial of water during transport. (*Id*. at 2-3.) He claims in count two that Poladian, Goss and Salagubang violated his rights under RLUIPA by preventing him from completing his observation of Ramadan. (*Id*.)

### C. Discussion

#### a) Eighth Amendment Cruel and Unusual Punishment Claim

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to" his constitutional rights. *Id.,* quoting *Wilson*, 501 U.S. at 302-03. An objectively serious deprivation is a denial of "the minimal civilized measures of life's necessities." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996), quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

The Court previously informed Plaintiff that the allegations in the Complaint are insufficient to plausibly allege that any Defendant deprived Plaintiff of "the minimal civilized measures of life's necessities" by not permitting water during his transportation, as there were no allegations regarding how long the transportation lasted. (ECF No. 7 at 5.) Plaintiff now alleges he was not provided water for 20 hours during his transportation but provides no allegations regarding any physical injury suffered as a result. *See Jett v.*

*Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (an Eighth Amendment violation requires "harm caused by the indifference.") Plaintiff was informed that "extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quote marks and citation omitted); *see Anderson v. County of Kern*, 45 F.3d 1310, 1312–13 (9th Cir. 1995) (holding that short term or temporary deprivations of basic needs such as food, clothing, shelter and sanitation do not plausibly allege an Eighth Amendment violation); *Wilson*, 501 U.S. at 298 ("[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal citation and quote marks omitted); *Jett*, 439 F.3d at 1096 (an Eighth Amendment violation requires "harm caused by the indifference.") Plaintiff has not plausibly alleged the denial of water for 20 hours during transportation which he needed "to relieve the severe pain of dehydration," without factual allegations regarding when he last had access to water in his cell during his fasting violated the Eighth Amendment.

The allegation that Warden Hill, Secretary Macomber or the CDCR failed to create a policy of ensuring inmates receive water during transportation also once again fails to state an Eighth Amendment claim. "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted). There are once again no allegations that any of these Defendants knew Plaintiff or any other inmate was deprived of water during transportation *and* failed to prevent that deprivation. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation.")

Plaintiff's Eighth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### b) RLUIPA Claim

Plaintiff claims Defendants violated his statutory rights under RLUIPA to practice his religion by interfering with his observation of Ramadan. (ECF No. 8 at 4.) RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government demonstrates the burden is "in furtherance of a compelling government interest" and "is the least restrictive means of furthering that compelling governmental interest." *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015), quoting 42 U.S.C. § 2000cc–1(a). "To state a claim under RLUIPA, a prisoner must show that: (1) he takes part in a 'religious exercise,' and (2) the State's actions have substantially burdened that exercise." *Id.*, quoting *Shakur v. Schriro*, 514 F.3d 878, 888-89 (9th Cir. 2008). "If the prisoner satisfies those elements, then the State must prove its actions were the least restrictive means of furthering a compelling governmental interest." *Id.*, citing *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005).

To constitute a substantial burden, the alleged limitation on religious practice must impose "a 'significantly great' restriction or onus upon such exercise." *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004); *Walker*, 789 F.3d at 1135. A substantial burden need not actually force a litigant to change his practices; a violation may occur "where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Warsoldier*, 418 F.3d at 995, quoting *Thomas v. Review Bd. of the Ind. Emp't Sec. Div.*, 450 U.S. 707, 717-18 (1981). Plaintiff must allege in a nonconclusory manner how his religious observation was denied by the Defendants' actions. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim).

  1   The Court previously found Plaintiff provided conclusory allegations as to how the
  2   denial of water during transportation substantially burdened his observation of Ramadan.
  3   *See e.g. Skolnik*, 372 F. App'x at 782 (finding two incidents where prison staff interfered
  4   with prisoner's fasting did not amount to a substantial burden); *Canell*, 143 F.3d at 1215
  5   ("relatively short-term and sporadic" interference with religious exercise was not a
  6   substantial burden).  Plaintiff alleges in the FAC that denial of water during transportation
  7   rendered his prior 20 days of fasting as not counting for the 30 days of fasting necessary to
  8   observe Ramadan, but indicates only in conclusory terms that not being provided water
  9   during transportation prevented him for saying three prayers essential to observing
 10   Ramadan. (ECF No. 8 at 4.)  Without nonconclusory factual allegations regarding how the
 11   failure to provide water during transportation impacted his ability to say those prayers or
 12   complete his religious observation of Ramadan, Plaintiff fails to state a RLUIPA claim.
 13   Intrusions on the practice of religion which are "relatively short-term and sporadic" do not
 14   constitute substantial burdens.  *Canell*, 143 F.3d at 1215.  If Plaintiff wishes to proceed
 15   with this claim, he must set forth facts which plausibly allege *in a nonconclusory manner*
 16   how the denial of water during transportation interfered with his observance of Ramadan
 17   to the point of creating "a significantly great restriction or onus" on the exercise of his faith
 18   or put "substantial pressure on [him] to modify his behavior and to violate his beliefs."
 19   *Warsoldier*, 418 F.3d at 995; *Iqbal*, 556 U.S. at 678 (conclusory allegations do not state a
 20   § 1983 claim).

 21   Plaintiff's interference with religion claim under RLUIPA is dismissed for failure to
 22   state a claim upon which § 1983 relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii);
 23   § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

 24   **D.    Leave to Amend**
 25   In light of his pro se status, the Court grants Plaintiff one final opportunity to amend
 26   in order to attempt to address the pleading deficiencies identified in this Order and the
 27   Court's prior dismissal Order.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)
 28   ("A district court should not dismiss a pro se complaint without leave to amend unless it is

absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

### III. Conclusion and Orders

Accordingly, good cause appearing, the Court **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Second Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: November 21, 2024

Hon. Anthony J. Battaglia
United States District Judge