UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. QUINTERO, CDCR #BN-3161,<br><br>   Plaintiff,<br><br>vs.<br><br>J. HILL, Warden, et al.,<br><br>   Defendants. | Case No.: 24-cv-1141-AJB (KSC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING SECOND MOTION FOR EXTENSION OF TIME TO AMEND**<br><br>**(Doc. No. 13)** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 21, 2024, the Court screened and dismissed Plaintiff's First Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), and granted him leave to amend on or before January 6, 2025. (Doc. No. 9.) On December 9, 2024, Plaintiff filed a motion seeking a 90-day extension of time to amend. (Doc. No. 10.) On December 12, 2024, the Court granted Plaintiff's request, giving him until March 3, 2025, to file his Second Amended Complaint. (Doc. No. 11). Plaintiff failed to timely comply. However, the Court had yet to enter a final judgment of dismissal when on April 21, 2025, Plaintiff filed a motion seeking both the appointment of counsel, as well as another extension of time in which to amend. (Doc. No. 13.)

For the reasons explained, the Court **DENIES** Plaintiff's request for counsel but **GRANTS** him one final extension of time to amend.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because he suffers from a "congenital deformity," was assaulted by a fellow prisoner, and suffered "severe injuries" that will require surgery. (*See* Doc. No. 13 at 1, 2.)

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

First, the Court is simply unable to reasonably ascertain Plaintiff's likelihood of success or the complexity of the legal issues involved when there is currently no operative pleading before it. Plaintiff has yet to sufficiently amend and address the pleading deficiencies identified by the Court in both its prior screening Orders. (*See* Doc. Nos. 7, 9.) Therefore, it is simply too soon to tell whether Plaintiff will be likely to succeed on the merits of any prior claim for relief. *Agyeman*, 390 F.3d at 1103; *cf. Garcia v. Smith*, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (noting that even if a prisoner's claims survive Defendants' Motion to Dismiss, it may be "too early to determine the likelihood of success on the merits."). Second, while the Court has twice determined Plaintiff's allegations failed to meet the pleading standard required to state a claim upon which § 1983 relief can be granted, and he alleges to suffer from medical and mental health challenges that may make litigation more difficult, both his prior pleadings, as well as his subsequent

motions show he is nevertheless fully capable of articulating the facts and circumstances relevant to his purported claims, which do not appear to be legally complex. *Agyeman*, 390 F.3d at 1103; *see also Avila v. Felder*, No. 1:21-CV-01510-JLT-BAM (PC), 2025 WL 1027451, at *1 (E.D. Cal. Apr. 7, 2025) (finding pro se prisoner's bad eyesight and "lingering medical problems" insufficient to warrant appointment of counsel). In fact, Plaintiff attaches a copy of separate civil action he filed in the Eastern District of California challenging his medical and safety concerns, as well as a motion seeking preliminary injunctive relief seeking transfer to a "female facility." (*See* Doc. Nos. 13-1, 13-2; *Quintero v. Delao*, Case No. 2:24-cv-03689-EFB (E.D. Cal. Dec. 23, 2024) (Doc. No. 1) (Complaint).)

Therefore, the Court finds no "exceptional circumstances" currently exist warranting the appointment of counsel in this case, and denies Plaintiff's request without prejudice at this time. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, and did not show likelihood of succeed on the merits).

## SECOND MOTION FOR EXTENSION OF TIME TO AMEND

Plaintiff also requests another extension of time in which to file his second amended complaint. (Doc. No. 13 at 1.) Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(A), (B). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983)); *see also* Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

|   |   |
|---|---|
| 1 | Timely motions for extension of time are not uncommon and are typically found to |
| 2 | be supported by good cause, especially when a party is unrepresented. *See Hubbard v.* |
| 3 | *Sheffield*, 2014 WL 1309175, at *7 (D. Mont. Mar. 31, 2014), *aff'd*, 669 F. App'x 443 (9th |
| 4 | Cir. 2016). In fact, the court has a "duty to ensure that pro se litigants do not lose their |
| 5 | right to a hearing on the merits of their claim due to . . . technical procedural requirements," |
| 6 | *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), and "'[s]trict time |
| 7 | limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . |
| 8 | plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v.* |
| 9 | *Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 |
| 10 | (9th Cir. 1967). |
| 11 | Untimely requests to extend time, however, require a showing of "excusable |
| 12 | neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). "To determine whether a party's failure to meet |
| 13 | a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, |
| 14 | examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay |
| 15 | and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether |
| 16 | the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer Inv. Servs.* |
| 17 | *Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)); *see also In re Veritas* |
| 18 | *Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). The test for good faith under |
| 19 | Rule 6(b) is "whether the failure to file in a timely fashion was 'in bad faith or [in an |
| 20 | attempt] to obtain any advantage.'" *Heath v. Google Inc.*, No. 15–CV–01824–BLF, 2016 |
| 21 | WL 4729300, at *4 (N.D. Cal. Sept. 12, 2016) (quoting *Herbert v. State Farm Mut. Auto.* |
| 22 | *Ins. Co.*, No. C 06–05532 SBA, 2009 WL 88352, at *2 (N.D. Cal. Jan. 13, 2009)). |
| 23 | Here, Plaintiff acknowledges his Second Amended Complaint was due on March 3, |
| 24 | 2025, and that his request is untimely; however, he claims to have suffered a mental health |
| 25 | crisis in February 2025 due to the death of his only brother, to have been stabbed while in |
| 26 | custody on March 4, 2025. (*Id.* at 1.) The Court finds these allegations are sufficient to |
| 27 | establish excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) because there is no reason to |
| 28 | believe Plaintiff is acting in bad faith, he points to serious health and safety issues |

preventing both his timely compliance with the Court's March 3, 2025 deadline and the 6-week delay in filing his request, and an additional extension of time to amend would have minimal impact of the proceedings, which have yet to surpass the initial screening stage of the case.  Finally, as no previously-named defendant has yet to be served with any pleading, there is no danger of prejudice to any other party.  *See e.g., Goens v. Adams & Assocs., Inc.*, No. 2:16-CV-00960-TLN-KJN, 2018 WL 263896, at *2–4 (E.D. Cal. Jan. 2, 2018) (granting untimely motion for extension of time to amend under Fed. R. Civ. P. 6(b)(1)(B) where "Defendant w[ould] not be prejudiced by Plaintiff having the opportunity to file his amended complaint rather than … having the case dismissed for reasons unrelated to its merits," the case was "at an early stage, and the Court ha[d] not yet issued a scheduling order or set any litigation deadlines," the delay was "due in part to Plaintiff's counsel having to deal with a family medical emergency," and there was "no indication Plaintiff's request for extension was not made in good faith.").

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), but **GRANTS** his second motion for extension of time pursuant to Fed. R. Civ. P. 6(b)(1)(B) (Doc. No. 13).  Plaintiff's Second Amended Complaint must be filed on or before **June 3, 2025**.  Plaintiff is reminded that his Second Amended Complaint must be complete by itself without reference to his previous pleadings.  Any Defendants not re-named and any claims not re-alleged in the Second Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

As this is Plaintiff's second extension of time, and more than six full months will have elapsed since the Court's November 21, 2024 screening Order, Plaintiff should assume that *no further extensions of time to amend will be granted*.

Should Plaintiff fail to file his Second Amended Complaint by June 3, 2025, the Court will enter a final judgment of dismissal based both on his failure to state a claim upon which § 1983 can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute. *See Lira v. Herrera,* 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

Dated: April 25, 2025

Hon. Anthony J. Battaglia
United States District Judge