UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. QUINTERO, CDCR #BN-3161,<br><br>                          Plaintiff,<br><br>vs.<br><br>J. HILL, Warden, et al.,<br><br>                         Defendants. | Case No.: 24cv1141-AJB (KSC)<br><br>**ORDER:**<br><br>**(1)  DENYING REQUEST FOR ANONYMITY AND EMERGENCY INJUNCTION PETITION, and**<br><br>**(2)  DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b) WITHOUT FURTHER LEAVE TO AMEND** |

      On June 28, 2024, Plaintiff Daniel R. Quintero, a state inmate incarcerated in the Eastern District of California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff claimed that the denial of water and bathroom breaks during his transport in April 2024 from the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, to Sacramento in the Eastern District of California interfered with his right to the free exercise of his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and subjected him to cruel and unusual punishment in violation of the Eighth Amendment.  (*See id*.)  Plaintiff

also sought to have this case transferred to the Eastern District and consolidated with three cases he filed in that District arising from conditions of confinement there after his transfer from RJD. (ECF No. 4.)

On October 29, 2024, the Court granted Plaintiff leave to proceed IFP and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require dismissal of a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 7.) The Court determined that Plaintiff had failed to plausibly allege a sufficiently grave deprivation of the minimal civilized measure of life's necessities to form the basis of an Eighth Amendment violation by the denial of water or bathroom breaks during his transport from RJD to Sacramento, or that the temporary denial of water during his religious observance constituted a substantial burden on his religious beliefs necessary to state a violation of the First Amendment or RLUIPA. (ECF No. 7 at 4-8.) The Court denied the motion to consolidate, dismissed the Complaint for failure to state a claim, and granted Plaintiff leave to amend. (ECF No. 7.) Plaintiff filed a First Amended Complaint on November 12, 2024, which did not cure those pleading deficiencies and was dismissed for the same reasons. (ECF Nos. 8-9.) Plaintiff was once again notified of his pleading deficiencies and given one final opportunity to amend. (ECF No. 9 at 7-8.)

Plaintiff has now filed a Second Amended Complaint ("SAC"). (ECF No. 18.) The SAC once again alleges that the denial of water and bathroom breaks during the April 2023 transport to from RJD to Sacramento violated his rights under RLUIPA and the First and Eighth Amendments, and that the transfer began a process which has led to the deterioration of his health caused by allegedly unconstitutional conditions of confinement in the Eastern District arising from a pattern of discrimination based on his disability. (*See id.*) Plaintiff has also filed an Emergency Injunction Petition in which he seeks a preliminary injunction requiring water and bathroom breaks during transport (ECF No. 17), and a Request for Anonymity seeking to change his name on the docket from Daniel Quintero to "DA. QUI. R." (ECF No. 15.)

## I. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Allegations in the SAC

Plaintiff alleges that he has a congenital disorder which affects all major aspects of his life causing gender dysphoria and other conditions rendering him disabled within the

meaning of the Americans with Disabilities Act ("ADA"). (ECF No. 18 at 1-3.) He states that the California Department of Corrections and Rehabilitation ("CDCR") lists him as "post-op transgender," "intersex" or "transgender," although he states that he is not transgender but was born with female character traits and has been treated as a female his entire life, rendering him vulnerable to sexual assault, particularly in prison. (*Id*.) As a result of this condition, he has been transported to hospitals for gender affirming care approximately 20 times over a period of two years, with trips lasting between 8 and 20 hours. (*Id*. at 3-7, 13.) He was not provided water or bathroom breaks during those trips, despite other inmates having such access, and was told by the CDCR that no policy was violated by the denial of water and bathroom breaks during transport. (*Id*. at 3-7.)

Plaintiff alleges those approximately 20 transports interfered with approximately 40 prayers required by the teaching of Islam. (ECF No. 18 at 8.) He claims the existence of an obvious motive of discrimination for denying him water is shown by abusive remarks by RJD staff, such as Defendant Lieutenant Poladian saying a "Tranny cannot be a Muslim" and a "Muslim cannot be intersex." (*Id*. at 9.)

On one occasion at RJD in April of 2023, the only occasion of denial of water and bathroom breaks during a transport of which there are any details and the only one identified as having taken place in the Southern District of California, Plaintiff refused a transport order because there were ten days left in Ramadan and he wanted to complete his religious observation. (*Id*. at 20.) As a result of the refusal, he was placed in the RJD segregated housing unit without meals. (*Id*.) After 12 hours he agreed to the transfer and was given a sandwich, but his request for water, which was necessary to complete his Ramadan observation, was denied by Poladian, who called Plaintiff a "bitch" and said that a transgender or intersex person could not be Muslim. (*Id*. at 20-21.) During the transport from San Diego to Sacramento, which took 12 hours, Defendants transportation officers Gose and Salagubang made stops for food, water and bathroom breaks but laughed at Plaintiff when he asked for water and a bathroom break, stating that Poladian ordered them not to provide him with water or bathroom breaks. (*Id*. at 21-23, 28.) Plaintiff states that

he missed five consecutive meals, and when he arrived at the prison in Sacramento he was placed on a yard with aggressive homosexual inmates and was sexually assaulted. (*Id*. at 23, 28.)

Plaintiff alleges he has been diagnosed with stress-induced elevated blood pressure, anxiety, panic attacks, constipation, depression, dehydration, reduced liver and kidney function from alcoholism, abdominal pain, stress and post-traumatic stress disorder, and that the denial of water and bathroom breaks over the years has caused stress, panic attacks, physical pain, hyperventilation, sweating, disassociation, isolation, suicidal thoughts, thoughts of harming others, physical and mental trauma, and his refusal of food, water and medical care. (*Id*. at 5-7.) He claims Defendant CDCR Secretary Macomber has failed to adopt policies regarding, and has failed to train his employees to provide, water and bathroom breaks during transport, and has failed to prevent his employees, including Defendants Poladian, Gose, Salagubang and RJD Warden Hill, from denying water and bathroom breaks during transport to prisoners with medical and psychosocial conditions and disabilities such as Plaintiff. (*Id*. at 14-19, 41.) He seeks to hold the CDCR liable for the chain of events which began with his transport from San Diego, where he was close to his family and friends, to the Eastern District, where he was sexually assaulted and where he remains incarcerated. (*Id*. at 28-31.) He claims violations of RLUIPA and the First and Eighth Amendments, and requests money damages along with injunctive relief in the form of being provided drinking water, bathroom breaks and transfer to a female prison, as well as assignment of a master for class certification or consolidation with ongoing class actions regarding CDCR medical claims. (*Id*. at 42-46.)

C.  **Discussion**

a) **Eighth Amendment Cruel and Unusual Punishment Claim**

Plaintiff alleges that in light of his medical condition his transportation from RJD to Sacramento without water or bathroom breaks violated the Eighth Amendment both by itself and because the transfer set in motion a series of events cumulating in ongoing unconstitutional conditions of confinement in the Eastern District. (ECF No. 18 at 3.) "[A]

prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to" his constitutional rights. *Id.,* quoting *Wilson*, 501 U.S. at 302-03. An objectively serious deprivation is a denial of "the minimal civilized measures of life's necessities." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996), quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Plaintiff's allegations are once again insufficient to plausibly allege that any Defendant deprived him of "the minimal civilized measures of life's necessities" by not permitting water or bathroom breaks during his transportation. Although Plaintiff states he went without water for about 12 hours at RJD where he was refusing the transfer and then about another 12 hours without water during the transport, such temporary deprivations do not state an Eighth Amendment claim. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quote marks and citation omitted); *see Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (holding that short term or temporary deprivations of basic needs such as food, clothing, shelter and sanitation do not plausibly allege an Eighth Amendment violation); *Wilson*, 501 U.S. at 298 ("[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal citation and quote marks omitted). The allegations that Defendants verbally harassed and denigrated Plaintiff do not state an Eighth Amendment claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as a constitutional deprivation under § 1983); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139

24cv1141-AJB (KSC)

(9th Cir. 1987) (vulgar language directed at inmate does not state a constitutional claim under § 1983). To the extent Plaintiff attempts to raise claims in this action for alleged violations of his constitutional rights in the Eastern District, which he has indicated he is pursuing in three civil rights actions filed in that District, on the theory that those violations only took place because he was transferred there from RJD, he may not proceed with such claims in this District. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .") Plaintiff has failed to show that any of the events or omissions in the Eastern District have given rise to claims alleged to have occurred in either San Diego or Imperial County, nor that any Defendant involved in the events or omissions while incarcerated in the Eastern District is alleged to reside here, or that any events are common to all of Plaintiff's claims. *See* 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego.")

The allegation that Secretary Macomber, Warden Hill or the CDCR failed to create a policy of ensuring inmates receive water and bathroom breaks during transport also once again fails to state an Eighth Amendment claim. "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted). There are once again no allegations that Secretary Macomber or Warden Hill knew Plaintiff was deprived of water *and* failed to prevent that deprivation. *Id*. To the extent Plaintiff intended to include the CDCR as a Defendant in the SAC, the CDCR is not a proper defendant in a 42 U.S.C. § 1983 action. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("[Supreme Court authority] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.")

  To the extent Plaintiff intended to bring a discrimination claim under the ADA based on Poladian having denied him water after remarking that Plaintiff could not be a Muslim because he was transgender or intersex (*see* EFC No. 18 at 9), he has failed to state such a claim because he has not shown "knowledge that a harm to a federally protected right [was] substantially likely, and a failure to act upon that the likelihood." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (applying deliberate indifference standard to ADA claim). Plaintiff has not plausibly alleged Poladian was aware that a violation of a federally protected right was substantially likely when he denied Plaintiff water or ordered Gose and Salagubang not to provide water during the transport from RJD to Sacramento, not only because as noted above that temporary deprivation did not violate a constitutional right, but also because Plaintiff states he was denied water on every transport due to the failure of the CDCR to have a policy requiring water during transports.

  The Eighth Amendment claim is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### b) First Amendment Freedom of Religion and RLUIPA Claims

  In his original pleading and in the First Amended Complaint, Plaintiff claimed the Defendants denied him his right to the free exercise of religion under the First Amendment, and his statutory rights under RLUIPA to practice his religion, when they deprived him of water he needed to drink, to clean himself, and for ablution, as necessary to observe Ramadan. (ECF No. 1 at 3-4; ECF No. 8 at 4.) The Court previously informed Plaintiff twice that such conclusory allegations are insufficient to plausibly allege that an official took an action which "substantially burdens" the practice of his religion," and that such "relatively short-term and sporadic" intrusions on the practice of religion do not constitute substantial burdens. (ECF No. 7 at 6-8; ECF No. 9 at 6-7.) Plaintiff has not cured that pleading defect in the SAC. Rather, he now alleges that during approximately 20 transports on unidentified occasions the lack of access to water interfered with approximately 40 prayers required by the teaching of Islam. (ECF No. 18 at 8.) These allegations fail to state a First Amendment or RLUIPA claim for the same reasons set forth in the Court's

two prior dismissal orders (*see* ECF No. 7 at 6-8 and ECF No. 9 at 6-7), and because they are conclusory. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

Plaintiff's First Amendment and RLUIPA claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim.

### D.  Leave to Amend

In light of his pro se status, the Court twice granted Plaintiff leave to amend after notifying him of the deficiencies of his pleading. Because it is now clear Plaintiff is unable to further amend to state a claim upon which relief may be granted, the dismissal of this action is without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

### E.  Plaintiff's Motions

Plaintiff has filed a Request for Anonymity seeking to change his name on the docket from Daniel Quintero to "DA. QUI. R." (ECF No. 15.) He has also filed an Emergency Injunction Petition in which he seeks a preliminary injunction requiring water and bathroom breaks during transport. (ECF No. 17.) Because Plaintiff is no longer housed in this District, and there is no showing of a likelihood that he will be transported to or from this District in the future, his request for injunctive relief is denied as moot. *See Darring v. Kincheloe*, 783 F.2d 874, 876–77 (9th Cir. 1986) (inmate's claim for injunctive relief should be dismissed as moot when transferred to another prison and no reasonable expectation or demonstrated probability that he would again be subjected to conditions from which he seeks injunctive relief); *see also Wiggins v. Alameda Cnty. Bd. of Supervisors*, No. C 94-1172 VRW, 1994 WL 327180, at *2 n.1 (N.D. Cal. June 22, 1994) (noting that prisoner lacked standing to seek injunctive relief related to prison conditions after transfer). Because this action is terminated, Plaintiff's request to change his name in the caption to preserve his anonymity going forward in this action is also denied as moot.

## IV. Conclusion and Orders

Accordingly, good cause appearing, the Court:

1) **DENIES** Plaintiff's Request for Anonymity (ECF No. 15) and Emergency Injunction Petition (ECF No. 17) as moot.

2) **DISMISSES** Plaintiff's Second Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) without further leave to amend. The Clerk of Court will enter a final judgment of dismissal and close the case.

**IT IS SO ORDERED**.

Dated: July 18, 2025

Hon. Anthony J. Battaglia
United States District Judge